IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| CUONG NGUYEN, § | |
| § | CAUSE NO. 3:07-CV- 1705-O |
| Appellant, § | (Bankruptcy Appeal) |
| § | |
| vs. § | |
| § | |
| SYNERGISTIC TECHNOLOGIES, INC., § | |
| § | |
| Appellee. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Appellee's Suggestion of Bankruptcy of Appellant Cuong Nguyen (filed April 9, 2008) (Doc. No. 12). Upon consideration of the responses of Appellant and trustee, Daniel Sherman (Doc. No. 14, 15), the Court finds that this case is automatically stayed.

## I. Background Facts

1. On April 5, 2007, petitioning creditor Cuong Nguyen filed his Petition for Involuntary Bankruptcy initiating the involuntary proceeding styled *In re Synergistic Technologies, Inc*., Bankruptcy Case No. 07-31733.

2. On April 11, 2005, Edward Mandel, purportedly acting as representative of the alleged debtor, Synergistic Technologies, Inc., filed his Motion to Dismiss Involuntary Chapter 7 Petition and Involuntary Chapter 7 Case Due to Ineligible Petitioning Creditor and Bad Faith Filing and Reservation of Right to Subsequently Request Attorney's Fees and Actual and Punitive Damages ("Motion to Dismiss").

3. On May 22, 2007, the Court entered its Order Granting the Motion to Dismiss.

4. On June 10, 2007, Edward Mandel, filed his Motion for Judgment Against Petitioning Creditor Cuong Nguyen Awarding Attorneys Fees, Costs, Actual and Punitive Damages pursuant to Section 303(I) of the Bankruptcy Code.

5. On August 7, 2007, the Bankruptcy Court entered Judgment against Nguyen awarding

attorneys fees in the amount of $10,520 in favor of Edward Mandel, as purported representative of Synergistic. Nguyen posted a supersedeas bond in the total amount of $12,874.

6. Nguyen timely filed a Notice of Appeal of the Judgment. Both appeals have been consolidated under Case No. 3:07-CV-1705 in this Court.

7. On November 9, 2007, Nguyen filed his voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, Case No. 07-35636-sgj-11.

8. Subsequently, Nguyen's bankruptcy case was converted to a case under Chapter 7 and Daniel J. Sherman was appointed as Trustee. Nguyen's bankruptcy case remains pending.

## II. Analysis

This Court must determine whether, in this appeal, Nguyen is a debtor, thus making an automatic stay appropriate. A bankruptcy petition operates as a stay of an action against the debtor or property of the estate. *See* 11 U.S.C. § 362(a). This court has jurisdiction to determine the applicability of the bankruptcy court's stay. *Edwards v. Armstrong World Industries, Inc.*, 6 F.3d 312, 315 (5th Cir. 1993). The issue of whether "the stay applies to litigation otherwise within the jurisdiction of a district court or court of appeals is an issue of law within the competence of both the court within which the litigation is pending and the bankruptcy court." *Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1099 (5th Cir. 1986).

In the prior case, *In re Synergistic Technologies, Inc.*, Nguyen was the movant initiating an involuntary bankruptcy proceeding against Synergistic. Subsequently, the bankruptcy court dismissed the involuntary petition, and reserved jurisdiction over the § 303(I) attorneys fees and costs. The bankruptcy court then ordered Synergistic to file a separate motion requesting attorney fees and costs, placing the company in the position of the movant. The court ruled against Nguyen, and the ultimate pursual of those fees and costs is what is currently on appeal before this Court. Therefore, in the present appeal Nguyen is the debtor rather than the movant, and the appeal is

subject to an automatic stay.

### III. Conclusion

This Court takes judicial notice of Nguyen's Chapter 7 bankruptcy case pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, and enters an order abating and staying this action until the automatic stay is no longer in effect or until Appellant or Appellee obtains the required relief from the automatic stay imposed under 11 U.S.C. § 362 to proceed with this appeal.

SO ORDERED on this 28th day of July, 2008.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**